UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABEL BELLO CHIL,

      Petitioner,

    v.                         Case No.:  2:26-cv-01769-SPC-KRH

MARKWAYNE MULLIN *et al*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Abel Bello Chil's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Bello Chil's reply (Doc. 5).

Bello Chil is a native of Cuba who entered the United States in September 2006 and later became a lawful permanent resident.  He was convicted of aggravated battery in 2009, possession of cocaine in 2011, and retail theft and petit theft in 2017.  On May 11, 2023, U.S. Customs and Border Patrol commenced removal proceedings by issued a notice to appear.  An immigration judge ordered Bello Chil removed to Cuba on July 25, 2023, and Bello Chil waived appeal.  Immigration and Customs Enforcement ("ICE") could not execute the removal order, so it released Bello Chil on an order of supervision on August 16, 2023.

On February 25, 2026, Bello Chil reported to an ICE office for a check-in appointment, and ICE revoked his release and arrested him. ICE initially detained Bello Chil at Alligator Alcatraz. In May 2026, ICE took him to the Texas-Mexico border and told him to depart into Mexico. Bello Chil remained seated on the bus, and ICE returned him to Alligator Alcatraz. Bello Chil argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a

"presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Bello Chil's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Bello Chil carried his initial burden by showing a good reason to believe there is no significant

likelihood of removal in the reasonably foreseeable future.  The government was unable to remove him to Cuba in 2023, there is no evidence Mexico has agreed to accept him, and no other country has issued travel documents.

The burden thus shifts to the government.  ICE points to its May 2026 attempt to send Bello Chil to Mexico.  But the evidence before the Court suggests that it was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements.  *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it has a plan in place to lawfully remove Bello Chil.

The Court finds no significant likelihood Bello Chil will be removed in the reasonably foreseeable future.  However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the

community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections."  *Id.*  Given Bello Chil's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby **ORDERED:**

Abel Bello Chil's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Bello Chil poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Bello Chil may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on June 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record